ESTATE OF WILLIAM L. ALLGOOD, DECEASED, JUANITA P. ALLGOOD, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Allgood v. Commissioner
Docket No. 320-82.
United States Tax Court
T.C. Memo 1986-455; 1986 Tax Ct. Memo LEXIS 151; 52 T.C.M. (CCH) 575; T.C.M. (RIA) 86455; September 18, 1986. *151 Decedent made a gift on December 30, 1976, and claimed a specific gift tax exemption pursuant to sec. 2521, before its repeal. He died just over two years later, and the value of the gifts was included in the value of his gross estate pursuant to sec. 2035. Held: Sec. 2010(c) requires a reduction in the unified credit against estate tax otherwise available to the estate. United States v. Hemme,    U.S.    ( June 3, 1986, 86-1 U.S.T.C. par. 13,671) controls. John L. Burghardt, for the petitioner. Edward I. Kaplan, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge:* Respondent determined a deficiency in petitioner's Federal estate tax in the amount of 6,000. The issue is whether a reduction in the unified credit pursuant to section 2010(c) [1] *152 is required herein. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by reference. On December 30, 1976, William L. Allgood (herein "decedent") made a gift of stock which had a value of $67,363. Decedent timely filed a Federal gift tax return whereon pursuant to section 2521 (before its repeal by the Tax Reform Act of 1976) he claimed a specific exemption of $30,000 in computing his gift tax liability with respect to the stock. [2]
Decedent died on January 24, 1978, within three years after the date of the stock transfer. Petitioner timely filed a Federal estate tax return with the Internal Revenue Service Center, at Fresno, Calif., and did not include the value of the stock transferred in 1976 in the value of the gross estate. Pursuant to sections 2010(a) and 2010(b), petitioner claimed a unified credit against its estate tax liability. Although sections 2010(a) and 2010(b) provide for a unified credit in the amount of $34,000 for estates of decedents who died in 1978, petitioner reduced *153 the amount of the unified credit by 20 percent of the amount of the specific gift tax exemption claimed by decedent (or $6,000) in accordance with section 2010(c). [3] Petitioner accordingly claimed a unified credit in the amount of $28,000. Respondent determined that decedent transferred the stock in 1976 in contemplation of death and that pursuant to section 2035 the value of the stock transferred by decedent in 1976 was included in the value of the gross estate. [4] *154 Respondent therefore increased petitioner's estate tax liability by $13,297, computed by using a unified credit in the amount of $34,000. Petitioner conceded that the value of the stock was properly included in the value of the gross estate pursuant to section 2035. Subsequently, respondent determined that the amount of the unified credit available to the *155 estate should be reduced by $6,000 pursuant to section 2010(c). Respondent therefore determined that the amount of unified credit available to the estate was $28,000, and not $34,000. Respondent issued a statutory notice of deficiency wherein he determined that there is a deficiency for $6,000 in petitioner's estate tax liability. Petitioner timely filed a petition with this Court. The issue is whether section 2010(c) requires petitioner to reduce the amount of unified credit allowable against its estate tax liability when the value of the gift for which a specific exemption under section 2521 was taken is subsequently included in the value of the gross estate by reason of section 2035. As we stated above, sections 2010(a) and 2010(b) allow a unified credit of $34,000 against the estate tax liability of the estates of decedents who died in 1978. Section 2010(c) requires an adjustment in the unified credit amount where a specific exemption under section 2521 was "allowed" with respect to gifts made between September 8, 1976 and December 31, 1976. Section 2010(c) is a transitional rule enacted as part of the Tax Reform Act of 1976 whereby the unified credit was implemented to replace *156 the exemptions from gift and estate tax liabilities provided under prior law. Specifically, section 2010(c) provides that where the specific exemption under section 2521 is "allowed" with respect to a gift made within the transitional period between September 8, 1976 and December 31, 1976, the unified credit against estate tax allowable under section 2010 must be reduced by 20 percent of the amount of such exemption allowed. See sec. 2010(c); sec. 2521. H. Rept. 94-1380 (1976), 1976-3 C.B. (Vol. 3) 735, 750. Petitioner argues that section 2010(c) does not require a reduction in the amount of unified credit otherwise allowable in the instant case because it claims that it had not benefited from the exemption under section 2521 and therefore the exemption under section 2521 was not "allowed" within the meaning of section 2010(c). Petitioner cites for support the House Ways and Means Committee report to the Tax Reform Act of 1976. Such reports states that, [a]s a transitional rule, the unified credit allowable is to be reduced by an amount equal to 20 percent of the amount allowed as a specific exemption in computing taxable gifts under present law. Thus, in the case where a donor *157 had benefited from the use of the full $30,000 gift tax specific exemption under present law, the maximum unified credit allowable would be reduced by $6,000. [H. Rept. 94-1380 (1976), 1976-3 C.B. (Vol. 3) 735, 750.] Petitioner argues that Congress intended to exclude from the application of section 2010(c) situations where, as here, the value of the gift for which the section 2521 specific exemption was taken is ultimately included in the value of the gross estate by reason of section 2035. Respondent, in turn, argues that the statute contains a clearly stated rule without an exception for the situation here and that none should be created by this Court. For the following reasons, we agree with respondent. The facts in the instant case are identical in all relevant respects to those in United States v. Hemme,    U.S.    ( June 3, 1986, 86-1 U.S.T.C. par. 13,671). [5] There, the Supreme Court decided whether section 2010(c) requires a reduction of the unified credit where the value of the gifts for which a specific exemption was claimed was included in the value of the gross estate due to section 2035. As decedent had done in the instant case, the decedent in Hemme, Mr. Hirschi, made *158 several gifts during the transitional period and claimed the specific gift tax exemption under section 2521 to the full extent of $30,000. [6] Also, like decedent in the instant case, Mr. Hirschi died within three years after the date of the transfer of the gifts. Mr. Hirschi's estate included the value of the gifts in the value of the gross estate on its Federal estate tax return pursuant to section 2035 and claimed a unified credit under section 2010 in the full amount of $34,000.The Commissioner determined that the estate must reduce its claimed unified credit amount by 20 percent of the specific exemption claimed by decedent (or $6,000) and he accordingly made an assessment in the amount of $6,000. The estate paid the tax and then filed suit for refund. [7] *159 The estate in Hemme argued that a reduction of the unified credit therein was inconsistent with Congressional intent. Alternatively, the estate argued that the application to the gifts made on September 28, 1976 of sec. 2010(c), enacted on October 4, 1976 as part of the Tax Reform Act of 1976, was an unconstitutional retroactive application of the statute as it violates the Due Process Clause of the Fifth Amendment. Addressing solely the constitutional challenge, the District Court for the Southern District of Illinois held for the estate and found that on those facts there was a retroactive application of section 2010(c), and that such application was so arbitrary and capricious as to violate the Due Process Clause. Hemme v. United States, an unreported case ( S.D. Ill. 1985, 56 AFTR2d 85-6530, 85-2 USTC par. 13,619). [8] The Commissioner appealed.
Deciding *160 for the Commissioner, the Supreme Court reversed and held that a reduction of the unified credit therein pursuant to section 2010(c) was consistent with the language and purpose of the statute. United States v. Hemme,    U.S.    ( June 3, 1986, 86-1 U.S.T.C. par. 13,671). The Court also held that such application to gifts made before the enactment of the Tax Reform Act of 1976 was not inconsistent with the Due Process Clause of the Constitution. The Court based its holding with respect to the question of statutory analysis on several grounds. First, in addressing the estate's argument that the gift tax exemption claimed by Mr. Hirschi was not allowed, the Court held that since the gift tax scheme has no "machinery for formal allowance of deductions," inaction by the Commissioner suggests allowance, rather than disallowance, of the claim. Second, the Court held that Congress did not intend the application of section 2035 to render the claim of exemption "disallowed". The Court noted that section 2035 would have required inclusion of the value of the gifts regardless of whether the specific exemption under section 2521 was claimed. Third, the Court stated that it would not impart *161 to Congress an unstated intent to embellish the term "allowed" with a "tax benefit" qualification in section 2010(c) since Congress had clearly done so in other sections but failed to do so in section 2010(c). Finally, the Court held that Mr. Hirschi did receive a benefit for his specific exemption -- the option to decide whether to pay gift tax at the time the gift was made or to claim his specific exemption and avoid paying tax on the gift. The Court reasoned that by claiming the specific exemption, decedent paid no tax on that gift during his lifetime and the eventual effects upon his estate of his claiming the specific exemption did not deprive him of the benefits Congress intended to bestow through section 2521. In light of the identity between the controlling facts and issue in Hemme and the facts and issue in the instant case, we hold that United States v. Hemme,    U.S.    ( June 3, 1986, 86-1 U.S.T.C. par. 13,671), requires a decision in respondent's favor. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Herbert L. Chabot to Judge William M. Fay for disposition. ↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect at the time of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure.
2. Sec. 2521, before its repeal by the Tax Reform Act of 1976, allowed a lifetime exemption in an aggregate amount of $30,000 in the computation of gift tax liability for gifts made before December 31, 1976.↩
3. Sec. 2010(c) provides: Adjustment to Credit for Certain Gifts Made Before 1977. -- The amount of the credit allowable under subsection (a) shall be reduced by an amount equal to 20 percent of the aggregate amount allowed as a specific exemption under section 2521 (as in effect before its repeal by the Tax Reform Act of 1976) with respect to gifts made by the decedent after September 8, 1976.↩
4. Sec. 2035, as applicable to transfers made before January 1, 1977, provides as follows: (a) General Rule. -- The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death. (b) Application of General Rule -- If the decedent within a period of 3 years ending with the date of his death (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) transferred an interest in property, relinquished a power, or exercised or released a general power of appointment, such transfer, relinquishment, exercise, or release shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section and sections 2038 and 2041 (relating to revocable transfers and powers of appointment); but no such transfer, relinquishment, exercise, or release made before such 3-year period shall be treated as having been made in contemplation of death.↩
5. The Court suspended disposition of the instant case pending the Supreme Court's decision in United States v. Hemme,↩    U.S.    ( June 3, 1986, 86-1 U.S.T.C. par. 13,671). 6. Alvin Hemme, Dennis Hemme, Ron Hemme, and Farmers and Merchants Bank of Highland brought suit in their capacity as trustee of the revocable living trust of Charles W. Hirschi and as transferees of Hirschi's property. ↩
7. As we stated above, the suit was brought by the trustee of the "revocable living trust" of Charles W. Hirschi and transferees of Hirschi's property. We will hereinafter refer to plaintiffs collectively as "the estate."
8. Since the gifts in the instant case were made after the enactment of the Tax Reform Act of 1976, retroactive application of the statute is not an issue herein.↩